UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES LEO MURRAY,

    Petitioner,

-vs-                                    Case No. 8:09-CV-965-T-27TBM

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner, a Florida inmate proceeding through counsel, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("petition") challenging plea based convictions for criminal mischief, trespass in a structure or conveyance, lewd and lascivious battery, lewd and lascivious exhibition, and two counts of battery on a law enforcement officer entered in 2005 by the Sixth Judicial Circuit Court, Pinellas County, Florida (Dkt. 1)[1], and a supplement to the petition (Dkt. 2). Respondent has filed a response to the petition in which it contends that Petitioner's petition is barred from review because it was filed after expiration of the one-year federal limitation period. Respondent also asserts that Petitioner's claims do not warrant relief (Dkt. 11). Petitioner filed a reply to the response (Dkt. 14). Upon consideration, the Court concludes that Petitioner's petition must be dismissed because it is time-barred.

---

[1] At the time Petitioner filed the petition, he was not in custody on the trespass and mischief convictions because the sentences on those convictions had fully expired (Dkt. 11 at 2). Consequently, this Court lacks jurisdiction to consider any challenge to those convictions. *See Birotte v. Sec'y for the Dep't of Corr.*, 236 Fed. Appx. 577, 579 (11th Cir. 2007) (unpublished).

## PROCEDURAL HISTORY

On January 11, 2005, Petitioner pled guilty to two counts of battery on a law enforcement officer, trespass in a structure or conveyance, and criminal mischief in case no. CRC03-00047CFANO (Respondent's Ex. 1). Additionally, he pled guilty to lewd and lascivious battery and lewd and lascivious exhibition in case no. CRC03-00058CFANO (Id.). On March 1, 2005, Petitioner was sentenced on each lewd and lascivious count to 15 years in prison, ten of which were suspended upon completion of 10 years sex offender probation (Respondent's Ex. 3). He was sentenced to concurrent terms of 5 years in prison on the battery on a law enforcement officer counts, and time served in the county jail on the trespass and criminal mischief counts (Id.). Petitioner did not appeal his convictions and sentences.

While still represented by counsel, Petitioner filed a *pro se* Motion to Withdraw Plea of Guilt on April 4, 2005 (see Respondent's Ex. 5). The state post conviction court treated the motion as both a motion to withdraw plea pursuant to Fla. R. Crim. P., Rule 3.170(l), and a motion for post conviction relief pursuant to Fla. R. Crim. P., Rule 3.850 (Id.). To the extent the motion was construed as a Rule 3.170(l) motion, on June 8, 2005, the post conviction court dismissed it as a nullity because Petitioner filed it *pro se* while represented by counsel (Id.). To the extent the motion was treated as a Rule 3.850 motion, the post conviction court denied the motion (Id.).

On September 14, 2005, the appellate court concluded "that the trial court correctly treated the motion as a nullity under Rule 3.170(l), but that the court should not have proceeded to have disposed of the motion under Rule 3.850." (Respondent's Ex. 10); *Murray v. State*, 909 So.2d 998, 999 (Fla. 2d DCA 2005). Accordingly, the appellate court reversed the post conviction court solely "to the extent that the order treat[ed] the motion as one filed pursuant to rule 3.850 and dispose[d] of it on the merits

under that rule," and remanded the case to the post conviction court for further proceedings. *Id.* The appellate court mandate issued on September 30, 2005 (Respondent's Ex. 11).

On remand, the post conviction court dismissed Petitioner's Motion to Withdraw Plea of Guilt "in its entirety" on October 7, 2005 (See Respondent's Ex. 13 at 1). On October 17, 2005, Petitioner filed a Motion for Rehearing or Reconsideration on Motion to Withdraw Plea of Guilt ("motion for rehearing") (Respondent's Ex. 12). On November 1, 2005, the post conviction court denied the motion for rehearing (Respondent's Ex. 13). Petitioner appealed the order denying the motion for rehearing, but voluntarily dismissed the appeal on January 5, 2006 (Respondent's Ex. 15).

On December 27, 2005, Petitioner filed a *pro se* Motion for Post Conviction Relief pursuant to Rule 3.850, Fla. R. Crim. P. ("3.850 motion") (Respondent's Ex. 17). On February 2, 2006, the state post conviction court dismissed the 3.850 motion because it did not contain an oath as required by Rule 3.850(c) (Respondent's Ex. 18). On February 8, 2006, Petitioner filed a Request for Reconsideration of Erroneously Filed 3.850 ("motion fo reconsideration"), in which Petitioner requested leave to supplement his 3.850 motion with an oath, and provided a sworn oath (Respondent's Ex. 19). On March 3, 2006, the post conviction court dismissed the motion for reconsideration because the oath was deficient since it contained the qualifying language "to the best of my knowledge."[2] (Respondent's Ex. 20). Petitioner did not appeal the order denying his motion for reconsideration.

On September 14, 2006, Petitioner, through counsel, filed an amended 3.850 motion (Respondent's Ex. 21). On February 22, 2007, the post conviction court denied Ground Six of the amended 3.850 motion, and ordered the State to respond to the remaining seven claims (Respondent's

---

[2] *See Miller v. State*, 848 So. 2d 401, 402 (Fla. 2d DCA 2003) (citing *Braun v. State*, 789 So. 2d 1250, 1251 n.1 (Fla. 4th DCA 2001) (holding that an oath in which the defendant swears the statements contained in the motion are true "to the best of my knowledge and belief" is inadequate for the purposes of rule 3.850).

Ex. 22). After the State filed its response (Respondent's Ex. 23), the post conviction court ordered an evidentiary hearing on the remaining claims (Respondent's Ex. 24). The State, however, filed a second response to the amended 3.850 motion (Respondent's Ex. 25). The post conviction court thereafter denied all but Ground One of the amended 3.850 motion without an evidentiary hearing (Respondent's Ex. 26). As to Ground One, the post conviction court granted relief, finding that the written judgment erroneously indicated that Petitioner's sentence on the two battery on a law enforcement officer convictions was fifteen years imprisonment, when the court's oral pronouncement of sentence indicated that the sentence was five years imprisonment (Id.). The post conviction court, therefore, directed the Clerk of the Court to amend the judgment "to comport with the oral pronouncement of the court." (Id. at p. 3 of order). On August 15, 2008, the appellate court affirmed the order granting in part and denying in part the amended 3.850 motion (Respondent's Ex.30); *Murray v. State*, 2008 WL 3540406 (Fla. 2d DCA 2008). The appellate court's mandate issued on September 5, 2008 (Respondent's Ex. 31). The appellate court denied Petitioner's motion for extension of time to file a motion for reconsideration on September 16, 2008 (Respondent's Ex. 32). Petitioner's motion for clarification was denied on October 2, 2008 (Respondent's Ex. 33).

Petitioner filed his § 2254 petition in this Court on May 26, 2009 (Dkt. 1).

## DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a new limitation period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

In *Artuz v. Bennett*, 531 U.S. 4 (2000), the Supreme Court determined that "an application is 'properly filed' under § 2244(d)(2) when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Id.* at 8. The Court explained that laws and rules governing filings "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* The Supreme Court concluded that the question of whether a petitioner has "properly filed" an application "is quite separate from the question of whether the claims contained in the application are meritorious and free of a procedural bar." *Id.* at 9. Under *Artuz*, the Eleventh Circuit looks to the state procedural rules governing filings to determine whether an application for state post conviction relief is "properly filed." *Wade v. Battle*, 379 F.3d 1254, 1259-1260 (11th Cir. 2004).

For purposes of § 2244(d), Petitioner's state judgment became final on March 31, 2005, upon expiration of the time for taking a timely appeal of the judgment imposed on entry of his guilty plea. *See McGee v. State*, 684 So. 2d 241 (Fla. 2d DCA 1996) (treating judgment and sentence upon entry of plea as final when time for appeal expired); *Gust v. State*, 535 So.2d 642 (Fla. 1st DCA 1988) (holding that when a defendant does not appeal his conviction or sentence, the judgment and sentence become final when the 30-day time period for filing an appeal expires). Thus, his AEDPA limitation period commenced on April 1, 2005.

Petitioner's *pro se* Motion to Withdraw Plea of Guilt did not toll the limitation period because

it was not properly filed. Both the state post conviction court and appellate court determined that the motion was a nullity since Petitioner filed it *pro se* while he was still represented by appointed counsel. *See King v. State*, 939 So. 2d 1196, 1196 (Fla. 2d DCA 2006) ("A rule 3.170(l) motion to withdraw plea filed by a criminal defendant who is represented by counsel is a nullity, unless the defendant makes an unequivocal request to discharge counsel.") (citing *Johnson v. State*, 932 So. 2d 1169, 1170 (Fla. 2d DCA 2006)).

However, even though the Motion to Withdraw Plea of Guilt did not statutorily toll AEDPA's limitation period, this Court concludes that equitable tolling is warranted from April 1, 2005, when Petitioner filed the Motion to Withdraw Plea of Guilt, to September 30, 2005, when the appellate court mandate issued after affirming in part and reversing in part the post conviction court's June 8, 2005 order.

The Eleventh Circuit has stated that:

> The [AEDPA's] limitations period may be equitably tolled when a petitioner shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *San Martin*, 633 F.3d at 1267 (quotation marks omitted). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Holland v. Florida*, U.S. , 130 S. Ct. 2549, 2565, 177 L. Ed. 2d 130 (2010) (citations and quotation marks omitted). "As for the 'extraordinary circumstances' prong, . . . a defendant [must] show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin*, 633 F.3d at 1267.

*Roper v. Dep't of Corr.*, 434 Fed. Appx. 786, 788 (11th Cir. 2011) (unpublished).

Petitioner acted with diligence in filing, although improperly, his Motion to Withdraw Plea of Guilt. The state post conviction court treated that motion as filed under both Rule 3.170(l) and, albeit improperly, Rule 3.850. There is no indication that treated as a 3.850 motion, the motion was not "properly filed" for purposes of § 2244(d). Petitioner would not have known that the post conviction

6

court improperly construed his Motion to Withdraw Plea of Guilt as a 3.850 motion until the appellate court issued its opinion saying so. Therefore, this Court concludes that equitable tolling is justified where the state post conviction court essentially lulled Petitioner into inaction by construing the Motion to Withdraw Plea of Guilt as a Rule 3.850 motion.[3] *Cf. Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002) (tolling applied where petitioner was assured that the state court would contact him, and he demonstrated diligence in pursuing the information when the state court clerk inadvertently sent notice of the decision to the wrong person); *Prince v. Stewart*, 580 F.3d 571, 575 (7th Cir. 2009) ("Equitable tolling is properly invoked in any case in which the court has led the plaintiff to believe that she had done everything required of her. . . or has misled a party regarding the steps that the party needs to take to preserve a claim.") (internal citation and quotation marks omitted). *See also Riddle v. Kemna*, 523 F.3d 850, 857 (8th Cir. 2008) (en banc) ("Riddle may receive the benefit of equitable tolling if he can establish that a court's conduct 'lulled the movant into inaction through reliance on that conduct.'") (citations omitted), *abrogated on other grounds by Gonzalez v. Thaler*, 132 S. Ct. 641 (2012).

Petitioner is not, however, entitled to equitable tolling after the appellate court mandate issued on September 30, 2005. At that time, it was made clear to Petitioner that his Motion to Withdraw Plea of Guilt was not a Rule 3.850 motion, and that he could "seek timely relief pursuant to a sworn rule 3.850 motion." (Respondent's Ex. 10). Therefore, AEDPA's limitation period began running again on October 1, 2005.

Neither Petitioner's motion for rehearing, in which Petitioner attempted to revive his motion to withdraw his plea (Respondent's Ex. 12), nor his appeal from the order denying his motion for rehearing

---

[3]Because the post conviction court construed the motion as a 3.850 motion, it is not likely Petitioner would have filed a second 3.850 motion, until after the appellate court's opinion, which could have tolled AEDPA's limitation period.

tolled the limitation period because the motion to withdraw his plea was not properly filed. Likewise, Petitioner's *pro se* attempt to file a Rule 3.850 motion did not toll AEDPA's limitation period (See Respondent's Exs. 17-20). Because this application did not meet the state's pleading requirements, it did not toll AEDPA's limitation period. *See e.g., Hurley v. Moore*, 233 F.3d 1295 (11th Cir. 2000) (state postconviction motion which did not contain written oath required by state criminal procedural rule was not properly filed and could not toll one-year limitation period for federal habeas petitions); *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1064 n. 8 (11th Cir. 2011) (agreeing with petitioner's concession that Rule 3.850 motion was not "a properly filed postconviction motion" because it "was not under oath as required by Florida Rule of Criminal Procedure 3.850") (citations omitted).

Therefore, three hundred forty-eight (348) days of AEDPA's limitation period elapsed before Petitioner, through counsel, properly filed his amended 3.850 motion on September 14, 2006 (Respondent's Ex. 21). The limitation period remained tolled until September 5, 2008, when the appellate court issued the mandate affirming the post conviction court's order denying in part, and granting in part the amended 3.850 motion[4] (Respondent's Ex. 31).[5]

---

[4] AEDPA's limitation period usually begins to run after entry of an amended judgment following resentencing. *See, e.g., Burton v. Stewart*, 549 U.S. 147 (2007); *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286 (11th Cir. 2007). Petitioner, however, was not resentenced. The post conviction court granted the amended 3.850 motion solely to the extent that the court directed the clerk of the court to "amend the Defendant's judgment and sentence to comport with the oral pronouncement of the court." (Respondent's Ex. 26 at 3). The post conviction court noted that the written judgment incorrectly indicated that the sentences on the battery of a law enforcement officer convictions were 15 years imprisonment, with 10 years suspended, which was actually the sentences for the lewd and lascivious convictions (Respondent's Exs. 26 at 2; 4 at 1-5). During the sentencing hearing, the prosecutor stated that the lewd and lascivious sentences were to be 15 years imprisonment, with 10 years suspended, and the battery of a law enforcement officer sentences were to be concurrent 5 year sentences as a prison releasee reoffender ("PRR") (Respondent's Ex. 3 at record page 95). The trial court then pronounced the sentence, imposing the 15 year sentence, with 10 suspended, and announcing that "[o]n the other case number, you'll have five years PRR concurrent with this sentence." (Id. at 95-96). Later during the hearing, the trial court confirmed that the PRR sentences were "on the battery of a law enforcement officer" convictions (Id. at 103).

In Florida, "a court's oral pronouncement of a sentence controls over the written sentencing document." *Williams v. State*, 957 So. 2d 600, 603 (Fla. 2007). The oral pronouncement on the battery convictions was 5 years imprisonment as a PRR. The change in the written judgment, therefore, essentially only corrected a scrivener's error, i.e.,

8

Absent another properly filed tolling motion, AEDPA's limitation period expired 17 days later on September 22, 2008. Therefore, the instant federal habeas petition, filed May 26, 2009, is untimely.

Other than the period from April 1, 2005 to September 30, 2005, Petitioner has failed to show extraordinary circumstances and due diligence as needed to establish a right to equitable tolling. Further, Petitioner has neither alleged nor made a showing of actual innocence.[6]

## Conclusion

For the foregoing reasons, the Court finds that Petitioner's petition is time-barred.

ACCORDINGLY, it is **ORDERED** that:

1. The Petition for Writ of Habeas Corpus is **DISMISSED** as time-barred (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

---

the correction of the written order to reflect the sentencing court's oral pronouncement of sentence. The amended judgment made no change to Petitioner's sentence, as orally pronounced by the judge at the sentencing hearing.

Although the Eleventh Circuit has not squarely addressed whether the correction of a scrivener's error in a judgment restarts AEDPA's limitation period, other courts that have addressed this issue have held that the correction of a scrivener's error in a criminal judgment does not restart AEDPA's limitation period. *See, e.g., United States v. Greer*, 79 Fed. Appx. 974 (9th Cir. 2003) (unpublished) (amended judgment that did not substantively change the sentence imposed and added no new basis for an appeal, did not affect the finality of the original judgment and therefore did not restart the limitation period for the § 2255 motion); *Mathews v. Sec'y*, No. 8:09cv57-T-30EAJ, 2009 U.S. Dist. LEXIS 122625, 2009 WL 5128027, at *1 (M.D. Fla. Dec. 21, 2009) (amendment to written sentence to correct omission of oral pronouncement that Petitioner was sentenced as habitual felony offender did not change sentence, and therefore did not restart AEDPA's limitation period). Therefore, the Court concludes the 2007 amended judgment did not restart AEDPA's limitation period.

[5]Even if this Court tolled AEDPA's limitation period during the time that the Florida Second District Court of Appeal considered Petitioner's motion for extension of time for rehearing and motion for clarification (filed after the mandate issued), this federal habeas petition would nonetheless be untimely (see Respondent's Exs. 32-34).

[6]Actual innocence may serve to overcome the procedural bar caused by the untimely filing of a habeas petition. *Cf. United States v. Montano*, 398 F.3d 1276, 1280 (11th Cir. 2005). Actual innocence applies when a petitioner is factually innocent of the crime for which he is incarcerated. *See Bousley v. United States*, 523 U.S. 614, 623 (1998).

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly time-barred, Petitioner cannot make the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** in Tampa, Florida, on September 6th, 2012.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy to: Counsel of Record